# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| SEAN EDWARD KRIER,<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICER VON THUN, OFFICER STANFORD,<br><br>    Defendants. | No. C14-0076-LRR<br><br>ORDER |

---

This matter is before the court on the plaintiff's amended application to proceed in forma pauperis (docket no. 3). The plaintiff filed such application on August 11, 2014. Also before the court is the plaintiff's complaint under 42 U.S.C. § 1983 (docket no. 1-1), which the plaintiff submitted on June 2, 2014.

## I. *IN FORMA PAUPERIS* UNDER *28 U.S.C. § 1915*

Based on the plaintiff's application to proceed in forma pauperis and certificate of inmate account, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall be directed to file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous

or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In light of the record, the court finds that the plaintiff is unable to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Nonetheless, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the monthly payments and forward them to the court. Specifically,

> the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIM ASSERTED

Currently confined at the Anamosa State Penitentiary in Anamosa, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his confinement. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

The statement of claim portion of the complaint is as follows:

> On 12/11/13, Officer Von Thun disobeyed his supervisor's orders and initiated an altercation with me. While on the ground, he knelt directly on the back of my neck. Officer Stanford stood in front of my face while I was prone on the ground and kicked sand into my eyes and also kicked me in the left side of my head. He also violently lifted me, jerking my shoulders painfully. This all occurred on LUD-3 at ASP. Other officers . . . witnessed these actions and filed reports which were investigated, finding that these officers did in fact use excessive force.

As relief, the plaintiff states that he wants a public apology, monetary compensation in the amount of $25,000 and the defendants' employment terminated.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claim

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (stating that "exhaustion in cases covered by § 1997e(a) is now mandatory"); *Washington v. Uner*, 273 F. App'x 575, 576-77 (8th Cir. 2008) (applying § 1997e(a)). Proper exhaustion of administrative remedies is necessary so that corrections officials are afforded the "'time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (quoting *Porter*, 534 U.S. at 525). And, despite the fact that exhaustion is an affirmative defense that a defendant bears the burden of proving, a court may still raise the issue of exhaustion sua sponte if it is plain on the face of the complaint that a grievance procedure is unexhausted. *See Jones v. Bock*, 549 U.S. 199, 214-16 (2007) (clarifying that a complaint cannot be dismissed sua sponte for failing to plead and prove exhaustion but failure to exhaust can be a basis for dismissal for failure to state a claim if the allegations in the complaint suffice to establish that ground). The plaintiff acknowledges in his complaint that there is a prisoner grievance procedure that is available to him in the Anamosa State Penitentiary and that he attempted informal resolution and filed a grievance but it was deemed to be untimely.[1] By failing to file a grievance within the time required by the grievance procedure, the plaintiff did not properly exhaust his excessive force claim. *See Woodford*, 548 U.S. at 84 (stating that the exhaustion requirement is not satisfied if an inmate files "an untimely or otherwise procedurally defective administrative grievance or appeal" or

---

[1] The Iowa Department of Corrections provides its policies online: http://www.doc.state.ia.us/Policies.asp. A review of IO-OR-06 indicates that a grievance must be filed with the grievance officer within 30 days of the alleged incident.

5

effectively bypasses the administrative process simply by waiting until the grievance procedure is no longer available); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (same); *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005) (stating that a prisoner must take advantage of the procedure offered); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002) (emphasizing that an inmate must properly complete the grievance process); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (stating that a person must follow the rules governing the filing and prosecution of a claim); *Dixon v. Page*, 291 F.3d 485, 488-89 (7th Cir. 2002) (finding that exhaustion requirements are not met if an inmate made some error in following the grievance procedure); *Poro v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (requiring complaints and appeals to be filed in the place and at the time the prison's administrative rules require); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (reiterating that a plaintiff cannot claim that it is futile to exhaust his remedies because he is now time-barred under the regulations). Because the plaintiff's complaint demonstrates that he did not comply with 42 U.S.C. § 1997e(a), dismissal with prejudice is appropriate. *See Woodford*, 548 U.S. at 92-93; *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Berry v. Kerik*, 366 F.3d 85, 86 (2d Cir. 2004).

Moreover, the plaintiff's allegations regarding the force used by the defendants fail as a matter of law.

> To prove a claim of excessive force in violation of the Eighth Amendment prohibition against cruel and unusual punishment, [a plaintiff] must show the force was applied maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain and restore discipline. *Hudson v. McMillian*, [503 U.S. 1, 6-7 (1992)]. [A plaintiff] must prove actual injury, and cannot recover for de minimus use of force unless the de minimus force is repugnant. [*Id.*] at 9-10 (de minimus force repugnant to the conscience of mankind violates the Eighth Amendment); *Cummings v. Malone*, 995 F.2d 817, 822 (8th Cir. 1993) (proof of actual injury required).

*Lawson v. Vance*, 41 F. App'x 24, 25 (per curiam) (8th Cir. 2002); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (stating that the threshold is not "whether a certain quantum of injury was sustained" but rather the character and intended function of the force used); *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) ("When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" (quoting *Hudson*, 503 U.S. at 6-7)); *Story v. Norwood*, 659 F.3d 680, 687 (8th Cir. 2011) (discussing whether district court erred in requiring a showing of some threshold level of injury to succeed on an excessive force claim). The plaintiff does not allege that he suffered a discernable injury. Although he states that one defendant placed a knee on his neck and the other defendant kicked sand in his eye, kicked him in the head and jerked him to his feet, the plaintiff does not contend that he was hurt as a result of their attempt to gain control of him. *See Wilkins*, 559 U.S. at 38 (stating that force that causes no discernable injury almost certainly fails to state a valid excessive force claim); *Chambers v. Pennycook*, 641 F.3d 898, 906-07 (8th Cir. 2011) (considering excessive force claim in the Fourth Amendment context and stating that "it may well be that most plaintiffs showing only de minimis injury can show only a corresponding de minimis use of force). Consequently, the record establishes that no constitutional violation occurred. *Cf. Lawson*, 41 F. App'x at 25 (concluding that, even if defendant purposely slapped plaintiff twice without provocation, plaintiff did not prove actual injury that gave rise to a constitutional claim).[2]

---

[2] Because the plaintiff does not allege that he suffered a physical injury that was more than de minimus, the plaintiff's ability to recover compensatory damages is limited. *See* 42 U.S.C. § 1997e(e); *see also Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir. 2011) (discussing the availability of compensatory damages); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (concluding that 42 U.S.C. § 1997e(e) limits the recovery for mental or emotional injury in all federal actions brought by prisoners). The alleged facts do not justify the award of compensatory damages, which are only available if an inmate
(continued…)

7

In light of the foregoing, the plaintiff's complaint shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's amended application to proceed in forma pauperis status (docket nos. 1 & 3) is granted.

(2) The clerk's office is directed to file the complaint (docket no. 1-1) without the prepayment of the filing fee.

(3) The institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(5) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2](…continued)
has the requisite physical injury to support a claim for mental or emotional suffering. And, the alleged facts do not justify the award of punitive damages, which are only available if an inmate establishes that the defendants acted with evil motive or reckless indifference. *See Williams*, 662 F.3d at 1011-12 (discussing the standard for awarding punitive damages). So, if the plaintiff had stated a claim upon which relief could be granted, nominal damages would only be available to him.

(6) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 29th day of January, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary, Anamosa, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Sean Edward Krier, #6980360, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Krier v. Von Thun*, Case No. C14-0076-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nevertheless,

> the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*K Yorgensen* **Deputy Clerk**
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa